**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID L. RAMIREZ and ELY E.
PACHECO,

      Plaintiffs-Appellees,

v.

DEPARTMENT OF CORRECTIONS,
STATE OF COLORADO; ARISTEDES
ZAVARAS, in his official capacity as the
Executive Director of the Department of
Corrections,

      Defendants,

  and

JEANEENE E. MILLER, individually,

      Defendant-Appellant.

No. 99-1313

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 97-B-2450)

---

Andrew D. Ringel of Hall & Evans, LLC (Thomas J. Lyons and Melanie B. Lewis with
him on the brief), Denver, Colorado, for Defendant-Appellant.

Darrell Dean Damschen of Frank & Finger, P.C., Evergreen, Colorado, for Plaintiffs-
Appellees.

---

Before **BALDOCK**, **MAGILL**,[*] and **LUCERO**, Circuit Judges.

_____

**BALDOCK**, Circuit Judge.

_____

Plaintiffs David L. Ramirez and Ely E. Pacheco, Hispanics of Mexican-American origin, are employees of the Colorado Department of Corrections (DOC), stationed in Pueblo, Colorado. In November 1997, they filed a complaint in federal district court against, among others, Defendant Jeaneene E. Miller, Director of the Division of Community Corrections for DOC. In their complaint, Plaintiffs assert claims against Defendant arising under 42 U.S.C. §§ 1981 & 1983. Plaintiffs' base their claims on racial and national origin discrimination, as well as on violations of their First Amendment free speech and Fourteenth Amendment equal protection rights.

Defendant filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). In her motion, Defendant raised the defense of qualified immunity. The district court granted her motion in part and denied it in part. The district court first concluded that Defendant was entitled to qualified immunity with respect to Plaintiffs' § 1983 free speech claims because Plaintiffs did not identify speech regarding a matter of public concern. Accepting the factual allegations in Plaintiffs' complaint as true, the court next concluded that Defendant was not entitled to qualified immunity on Plaintiffs' § 1981

_____

[*] The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

2

discrimination and § 1983 equal protection claims.

Defendant appeals. The only question before us is whether the district court correctly denied Defendant's Rule 12(c) motion claiming qualified immunity on Plaintiffs' §§ 1981 & 1983 claims. "We have jurisdiction to review interlocutory appeals from the denial of qualified immunity 'to the extent they resolve abstract issues of law.'" Lovingier v. City of Black Hawk, No. 98-1133, 1999 WL 1029125, at *1 (10thCir. Nov. 12, 1999) (unpublished) (quoting Claton v. Cooper, 129 F.3d 1147, 1152 (10th Cir. 1997)). Because a Rule 12(c) motion for judgment on the pleadings raises only legal issues, we properly exercise jurisdiction and affirm.[1]

I.

We review the denial of a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard of review applicable to a Rule 12(b)(6) motion. McHenry v. Utah Valley Hosp., 927 F.2d 1125, 1126 (10th Cir. 1991). Accordingly, we review the denial of such a motion de novo, applying the same standard as the district court. Id. We accept the well-pleaded allegations of the complaint as true and construe

---

[1] This appeal comes to us on a partial denial of Defendant Miller's motion to dismiss, as opposed to a motion for summary judgment. The district court did not, nor shall we, consider whether a genuine issue of material fact exists. Thus, "we do not face the appellate jurisdictional problem that may be entangled with a qualified immunity analysis on summary judgment. Cf. Johnson v. Jones, 515 U.S. 304, 319-20 (1995) (holding that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial")." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 517 (10th Cir. 1998).

3

them in the light most favorable to the plaintiff. Beck v. City of Muskogee Police Dept., 195 F.3d 553, 556 (10th Cir. 1999). Generally, the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

When a defendant asserts a qualified immunity defense in a Fed. R. Civ. P. 12(c) motion, however, "we apply a heightened pleading standard, requiring the complaint to contain 'specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law.'" Dill v. City of Edmond, 155 F.3d 1193, 1204 (10th Cir. 1998) (quoting Breidenbach v. Bolish, 126 F.3d 1288, 1293 (10th Cir. 1997)).[2] To overcome a defendant's claim of qualified immunity in the

---

[2] In Crawford-El v. Britton, 523 U.S. 574, 597 (1998), the Supreme Court rejected any requirement that a plaintiff adduce clear and convincing evidence of improper motive to defeat a government official's motion for summary judgment based on qualified immunity. The Court stated that the fairness rational for qualified immunity "does not provide any justification for the imposition of special burdens on plaintiffs who allege misconduct that was plainly unlawful when it occurred." Id. at 591. The Court, however, also stated that "the court may insist that the plaintiff put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment." Id. at 598 (internal quotations omitted). The Circuits are split regarding Crawford-El's impact on heightened pleading standards. Compare Judge v. City of Lowell, 160 F.3d 67, 73-75 (1st Cir. 1998) (upholding heightened pleading standard for qualified immunity cases) with Nance v.

(continued...)

4

context of a Rule 12(c) motion, a plaintiff's pleadings must establish both that the defendant's actions violated a federal constitutional or statutory right and that the right violated was clearly established at the time of the defendant's actions. Scott v. Hern, __ F.3d __, __, 2000 WL 726442, at *7 (10th Cir. June 6, 2000). Applying these standards, we affirm.

## II.

According to their complaint, Plaintiffs work for the DOC in the Division of Community Corrections in Pueblo, Colorado. Plaintiffs allege Defendant, their supervisor, has routinely denied Hispanics of Mexican-American descent permanent supervisory positions within Community Corrections. Further, Plaintiffs allege Defendant has denied Hispanics, including Plaintiffs, the ability to function as lead workers. The lead worker designation is a supervisory position which provides office management responsibility and prepares individuals for promotions.

---

[2](...continued)
Vieregge, 147 F.3d 589, 590 (7th Cir. 1998) (declining to hold civil rights complaints to higher standard than complaints in other civil litigation). In this Circuit, we have continued to apply the heightened pleading standard following Crawford-El. See Dill, 155 F.3d at 1203-04 (applying heightened pleading standard without discussion of Crawford-El); Taylor v. City and County of Denver, No. 97-1170, 1999 WL 40969, at *1 (10th Cir. Feb. 1, 1999) (unpublished) (same). Compare Watkins v. Colorado Dep't of Corrections, No. 98-1063, 1999 WL 594584, at *1 (10th Cir. Aug. 9, 1999) (unpublished) (declining to consider whether Crawford-El modified the heightened pleading standard in qualified immunity case where complaint met heightened standard). Because we conclude Plaintiffs satisfy even the heightened pleading standard, we need not consider whether Crawford-El modified this standard.

Plaintiffs allege that prior to 1996, Defendant promoted Mike Slayton, a white male, as the lead worker of the Pueblo office without engaging in any competitive process when both Plaintiffs were equally or better qualified than Slayton for the position. Plaintiffs initiated internal complaints with DOC officials including Defendant alleging Slayton engaged in discriminatory and harassing behavior. In January 1996, Defendant met with Plaintiffs about their complaints and suspended Slayton from his lead worker supervisory position.

Defendant still did not designate either Plaintiff lead worker. Instead, in February 1996, supervision of the Pueblo office was transferred to LaCole Archuleta in Denver, Colorado. Plaintiffs allege Defendant's failure to promote either Plaintiff to lead worker constituted retaliation for speaking out about the harassment. Since reporting Slayton's harassment, Plaintiffs allege Defendant has subjected them to ongoing hostility. Plaintiffs further allege Defendant refused to fully and objectively investigate Plaintiffs' complaints of workplace harassment and refused to take any substantial action against Slayton for his discriminatory and harassing conduct.

In April 1996, Plaintiffs filed a formal complaint of workplace harassment with the DOC Inspector General (IG) against Slayton, Defendant, and other supervisors. The complaint requested protection against further harassment and retaliation by those named in the complaint. Plaintiffs subsequently filed another complaint regarding harassment and retaliation by Slayton and requested the continued harassment and retaliation be

6

included in the IG's investigation of their prior complaint.

In May 1996, Plaintiffs received a telephone call from Archuleta. During the conversation, Archuleta asked Plaintiffs whether they were citizens of the United States. Archuleta told Plaintiffs that one or more white DOC employees requested she ask this question. The question offended Plaintiffs. Plaintiffs informed Archuleta that they were United States citizens and advised her of the offensive nature of the question. Plaintiffs indicated that they felt they were being specifically targeted based on their national origin. Plaintiffs asked other white DOC employees if they had been asked questions concerning citizenship. The other employees told Plaintiffs no.

The next day, Plaintiffs received another call from a white employee, again inquiring about Plaintiffs' citizenship. Official DOC employment applications and documents establish that Plaintiffs are United States citizens. Plaintiffs made a written complaint of workplace harassment and discrimination based on the citizenship inquiry. Plaintiffs allege that after they complained of this harassment and discrimination, Defendant continued to undertake retaliatory and discriminatory actions against Plaintiffs.

On May 21, 1996, six days after Plaintiffs complained about the citizenship inquiry, Defendant commenced a disciplinary action against Plaintiff Ramirez. Plaintiff Ramirez alleges Defendant provided inaccurate information to H.B. Johnson, the Regional Director of DOC, who conducted the disciplinary hearing. Johnson issued a corrective action letter to Plaintiff Ramirez for complaining about the citizenship inquiry.

7

Plaintiff Ramirez appealed Johnson's decision. On October 7, 1996, Gerald Gasko determined Mr. Johnson's discipline was inappropriate.[3] Defendant purportedly complained to other DOC officials about Gasko's decision. Finally, Plaintiff Ramirez alleges Defendant perpetrated, coordinated, and approved downgrading his performance evaluation without justification.

Plaintiff Pacheco also alleges that Defendant harassed and retaliated against him. According to Plaintiff Pacheco, on July 19, 1996, Defendant sent a counseling letter to Plaintiff Pacheco containing false allegations that Pacheco had violated a DOC administrative regulation regarding workplace discrimination and harassment. Plaintiff Pacheco alleges that on July 29, 1996, Defendant improperly downgraded his performance evaluation from "outstanding" to "good." Plaintiff Pacheco filed a grievance stating that he believed the evaluation was an act of retaliation. Plaintiff Pacheco's grievance concerning his inappropriately lowered performance evaluation was never satisfactorily resolved. Defendant denied the grievance without requiring Plaintiff Pacheco's supervisors to justify their reduction in his evaluation.

On September 3, 1996, while Plaintiff Pacheco's grievance was pending, Defendant sent Pacheco a letter indicating she was instituting a new disciplinary process against him. The corrective action process related to Plaintiff Pacheco's citizenship

---

[3] Neither the complaint nor the parties' briefs identify Gasko's position with DOC.

telephone conversation with Archuleta. Plaintiff alleges this action was unjustified and constituted harassment and retaliation. Plaintiff Pacheco subsequently met with Robert Cantwell, Chief of Staff, and produced a tape showing Defendant's charges were false. On October 8, 1996, Mr. Cantwell issued his decision finding Defendant's letter of counseling to Plaintiff Pacheco contained false information.

III.

Plaintiffs assert Defendant violated 42 U.S.C. §§ 1981 & § 1983 by discriminating against them and denying them equal protection based on their race and national origin as Hispanics of Mexican-American ancestry. Defendant raised the defense of qualified immunity in her Rule 12(c) motion. As mentioned, when a defendant claims qualified immunity, the plaintiff must establish both that 1) the defendant's conduct violated a federal or constitutional right, and 2) the right violated was clearly established at the time of the defendant's actions. Scott, __ F.3d at __, 2000 WL 726442, at *7.

The district court concluded Defendant was not entitled to qualified immunity on Plaintiffs' § 1983 equal protection and § 1981 discrimination claims. Regarding Plaintiffs' § 1983 claims, the district court noted that Plaintiffs "have sufficiently alleged that Miller purposefully discriminated against them on the basis of their race or national origin in violation of the equal protection clause of the Fourteenth Amendment. They aver disparate treatment regarding promotions and disciplinary procedures." The district court further concluded that conspiring to deprive a person of equal protection of the laws

9

based on race, alienage, or national origin has long been a clearly established violation of federal law. Finally, the district court noted that the same analysis applied to Plaintiffs' § 1981 discrimination claims.

## A. Section 1983

First, Plaintiffs claim Defendant violated their Fourteenth Amendment equal protection rights by discriminating against them based on their race and national origin in violation of 42 U.S.C. § 1983. Section 1983 creates no substantive rights, but rather creates only a remedy against those who, acting under color of law, violate rights secured by federal statutory or constitutional law. Reynolds v. School Dist. No. 1, Denver, Colo., 69 F.3d 1523, 1536 (10th Cir. 1995). The Equal Protection Clause of the Fourteenth Amendment mandates that no state "deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Racial and national origin discrimination can violate the Fourteenth Amendment right to equal protection of the law and state a cause of action under 42 U.S.C. § 1983. Poolaw v. City of Anadarko, Okla., 660 F.2d 459, 462 (10th Cir. 1981).

The district court properly concluded that Plaintiffs' complaint sufficiently alleges conduct by Defendant constituting racial and national origin discrimination in violation of § 1983. Plaintiffs claim Defendant denied them equal protection based on race and national origin by treating them differently than similarly situated non-Hispanic employees. Moreover, Plaintiffs allege several examples of Defendant's discriminatory

10

and retaliatory actions. Specifically, Plaintiffs allege Defendant made false accusations against Plaintiffs in an effort to have them disciplined, upheld unjustified reductions in performance evaluations, regularly denied supervisory positions to Hispanics of Mexican-American origin, and denied Hispanics, including Plaintiffs, the ability to function as lead workers. Further, Plaintiffs claim that Defendant did not subject white employees to the same unjustified disciplinary actions.

To overcome Defendant's defense of qualified immunity in her Rule 12(c) motion, Plaintiffs must also demonstrate that the constitutional right at issue was clearly established at the time of Defendant's alleged actions. Scott, __ F.3d at __, 2000 WL 726442, at *7. Defendant concedes, "the general notion that one cannot discriminate on the basis of race or national origin is undoubtedly clearly established." As we stated in Poolaw, 660 F.2d at 462, "[t]he protection afforded by § 1983 includes relief from discriminatory employment practices of public employers." Accordingly, the law underlying Plaintiffs' § 1983 equal protection claim was clearly established at the time of Defendant Miller's actions.

B. Section 1981

Plaintiffs also claim Defendant violated § 1981 by discriminating against them based on their race and national origin.[4]  The Supreme Court has noted that although § 1981 "on its face relates primarily to racial discrimination in the making and enforcement of contracts," the statute provides a remedy against employment discrimination on the basis of race as well.  Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 459-60 (1975).  Plaintiffs rely on the same facts to support both their § 1983 and § 1981 claims.  As discussed, Plaintiffs allege sufficient facts to demonstrate Defendant discriminated against them based on their race or national origin. Accordingly, the allegations of racial and national origin discrimination which are sufficient to support Plaintiffs' equal protection claim under § 1983 are also sufficient to withstand Defendant's motion to dismiss their § 1981 claims.  See Poolaw, 660 F.2d at 462 (allegations of discriminatory employment practices sufficient to support claim for relief under § 1981 also sufficient to withstand a motion to dismiss equal protection claim under

---

[4]  Section 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.

12

§ 1983).

In addition, the law upon which Plaintiffs base their § 1981 claims was clearly established at the time of Defendant's alleged actions. See Manzanares v. Safeway Stores, Inc., 593 F.2d 968, 97-72 (10th Cir. 1979) (allegation that employer discriminated against plaintiff based on his Mexican-American descent was sufficient to state cause of action under § 1981); Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1446-47 (10th Cir. 1988) (white employee who claimed he was fired in retaliation for assisting a black co-employee with co-employee's EEOC claim stated § 1981 action against former employer).

Accepting Plaintiff's well-pleaded allegations as true, as we must when reviewing the denial of a Fed. R. 12(c) motion, Beck, 195 F.3d at 556, we conclude Plaintiffs have alleged facts sufficient to establish both that Defendant's actions violated a federal constitutional or statutory right and that the rights violated were clearly established at the time of Defendants actions. Accordingly, the district court properly denied Defendant's Rule 12(c) motion for qualified immunity from Plaintiffs' § 1983 equal protection and § 1981 discrimination claims. See Scott, __ F.3d at __, 2000 WL 726442, at *7.

Because Defendant raised the qualified immunity defense in a Fed. R. Civ. P. 12(c) motion, the record in this case contains no evidence. Consequently, we express no view as to Plaintiffs' ability to prove their allegations. See Watkins v. Colorado Dept. of Correction, No. 98-1063, 1999 WL 594584, at *5 (10th Cir. Aug. 9, 1999)

13

(unpublished).  Defendant  remains free to raise the issue of qualified immunity

on a motion for summary judgment once discovery is completed.  Id.

AFFIRMED and REMANDED.