**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER LANGSTON,

     Plaintiff-Appellant,

v.

ALICIA LITTLEFIELD;
CHRISTIANNA L. WRIGHT,

     Defendants-Appellees.

No. 00-5145

(D.C. No. 00-CV-300-B)
(N.D. Okla.)

**ORDER AND JUDGMENT**\*

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.\*\*

     Plaintiff Christopher Langston, a state prisoner proceeding pro se, filed a civil

rights action pursuant to 42 U.S.C. § 1983 against the Honorable Alicia Littlefield,

Delaware County District Court Judge, and Christianna L. Wright, an attorney in the

Delaware County Public Defender's Office. In his § 1983 action, Plaintiff sought

---

    \* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    \*\* After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of the appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

monetary damages for actions and decisions made in association with his state court criminal proceedings. Specifically, Plaintiff claimed that (1) Judge Littlefield had a conflict of interest, (2) he was deprived effective assistance of counsel, and (3) he was denied the right to present evidence to support his case. The district court dismissed Plaintiff's complaint as frivolous. The district court ruled that the public defender was not acting under color of state law as required by § 1983. Further, the court ruled that Judge Littlefield was protected by judicial immunity. Plaintiff appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Section 1983 creates a remedy against those who, acting under color of state law, violate rights secured by federal or constitutional law. Ramirez v. Department of Corrections, 222 F.3d 1238, 1243 (10th Cir. 2000). The Supreme Court has held that the public defender is not subject to § 1983 liability because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Because Plaintiff's complaint against Defendant Wright was based on such activities, the district court properly dismissed it.

With respect to his complaint against Judge Littlefield, the Supreme Court has held that a state court judge has absolute immunity for her actions, unless they were nonjudicial, or taken in the complete absence of jurisdiction. Mireless v. Waco, 502 U.S. 9, 11-12 (1991). Because Plaintiff's complaint against Judge Littlefield was based on

2

judicial actions taken with proper jurisdiction, the district court properly dismissed the complaint.[1] Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[1] Plaintiff argues Judge Littlefield had a conflict of interest because Plaintiff sent a letter to her about his arrest when she was with the Ottawa County District Attorney's office. Such a claim is not cognizable under 42 U.S.C. § 1983, but may be characterized as an attack on his conviction cognizable in a habeas action pursuant to 28 U.S.C. § 2254.