**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MINDY K. DUNN; JEFFEREY C.
DUNN,

      Plaintiffs - Appellants,

vs.

RODNEY G. MARRELLI; W. VAL
OVESON; JOE B. PACHECO;
RICHARD MCKEOWN; PAM
HENDRICKSON; BLAINE SMITH;
MARK LONG; GALE FRANCIS;
RICHARD EVANS; CRAIG
FOTHERINGHAM; GARY HANSEN;
J. D. HEATON; PHILLIP JONES;
RICHARD KIRKLAND; GIL
WILLIAMS; DORIS WOSNIAK,

      Defendants - Appellees.

No. 99-4185
(D.C. No. 98-CV-205)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **KELLY**, Circuit Judges.

Plaintiffs-Appellants Mindy K. Dunn and Jefferey C. Dunn appeal the

district court's denial of their request for prejudgment interest, dismissal of their

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 1983 claim against various state government officials, and denial of their motion to alter or amend judgment. Our jurisdiction arises under 28 U.S.C. § 1291 and we reverse in part and remand. [1]

## I. Background

The Utah State Tax Commission (the "Commission"), pursuant to the Utah Illegal Drug Stamp Act (the "Act"), Utah Code Ann. § 59-19-101 to 59, made a tax assessment against Jeffrey Dunn on March 23, 1994, and against his wife, Mindy Dunn, on April 6, 1994. In connection therewith, the Commission placed liens against the Dunns' real property. Aplt. App. at 130; see also Utah Code Ann. § 59-1-302.1. Such liens create a security interest in the state. See Bates v. United States, 974 F.2d 1234, 1236 (10th Cir. 1992) (holding that a tax lien pursuant to 26 U.S.C. § 6321, which is substantively identical to U.C.A. § 59-1-302.1, "is a security established by statute which the government may avail itself in the event of default in payment"). Also on March 23, 1994, the Commission, through various of its employees, conducted searches of the Dunns' residence

---

[1] We deny the Defendants-Appellees' (hereinafter "Defendants") request that we take judicial notice of the Commission's Warrant for Delinquent Tax and the state district court's Execution and Praecipe. See Boone v. Carlsbad Bancorp., Inc., 972 F.2d 1545, 1549 n.1 (10th Cir. 1992) ("We will not review this complaint, however, because it was not before the district court when the various rulings at issue were made.").

and Mindy Dunn's business. The Commission seized much of the Dunns' personal property, business inventory, and money.

The Dunns challenged the tax assessments before the Commission. During the pendency of this proceeding, Assistant Attorney General Gale K. Francis consented to the Dunns' sale of their real property on the condition that the proceeds from the sale be deposited with the Commission to replace the liens upon the real property. Aplt. App. at 130. In a letter to the Dunns' real estate agent dated May 5, 1994, Mr. Francis promised that "all deposits which have been paid to the Tax Commission [by the Dunns] would be subject to refund at the statutory rate (currently 6%) of interest," if the Dunns were successful in challenging the tax assessments. Id. at 129-130. Thereafter, the Dunns deposited approximately $340,000 with the Commission. Aplt. Br. at 5; Aplt. Reply Br. at 4. As with the real estate, the Commission's interest in the money could only have been in the nature of a security interest. Indeed, the district court recognized the Commission's interest as such. Aplt. App at 65.

Three years later, the Dunns filed a § 1983 action in federal district court. The Dunns sought declaratory and injunctive relief against the Commissioners and Executive Director of the Commission [2] in their official capacities, and

_____

[2] The Commissioners sued were Val Oveson, Joe Pacheco, Richard McKeown, Pam Hendrickson. The Executive Director sued was Rodney Marrelli.

monetary damages against various Commission employees [3] and Mr. Francis in their individual capacities. As for the Commission employees and Mr. Francis, the Dunns alleged the following:

> 36. On or about March 23, 1994, the individual defendants set forth herein, acting under color of state law and in concert and conspiracy with each other and others, authorized and conducted unreasonable and warrantless searches and seizures of Plaintiffs' home and businesses in Park City, Utah.

> 37. During, and as part of, the unreasonable and warrantless searches and seizures, Defendants seized virtually all of Plaintiffs' furniture and other personal property, including personal effects, from their home. Defendants also ransacked Plaintiff Mindy K. Dunn's Animal Crackers Toy Store and seized toy inventory, cash and other personal property.

Aplt. App. at 19.

In an order dated May 13, 1999, the district court granted the Dunns summary judgment on their claim for injunctive and declaratory relief. The district court held the Act to be unconstitutional and ordered the return of the Dunns' personal property and money. The district court did not, however, award the Dunns prejudgment interest. In response to the Dunns' subsequent motion to alter or amend the judgment, the district court once again refused to award prejudgment interest. Aplt. App. at 157. The district court "believe[d] that the

---

[3] Those defendants are Blain Smith, Mark Long, Richard Evans, Craig Fotheringham, Gary Hansen, J.D. Heaton, Phillip Jones, Richard Kirkland, Gil Williams, and Doris Wosniak.

policy set forth in Utah Code Ann. § 59-1-402(6)(a) [was] appropriate and the same logic should apply to the case at hand." Id.

In the same order, the district court dismissed the Dunns' complaint against Mr. Francis and the Commission employees under 12(c) of the Federal Rules of Civil Procedure. The district court held that the Dunns failed to allege facts showing that these defendants authorized or participated in the searches and seizures, and failed to "set forth any evidence of a conspiracy . . . ." Aplt. App. at 64.

On appeal, the Dunns assert that the district court: (1) abused its discretion in denying their application for prejudgment interest;(2) erred in dismissing their § 1983 claim against the Commission employees and Mr. Francis under Fed. R. Civ. P. 12(c); and (3) abused its discretion in denying the Dunns' motion to alter or amend the judgment. We address each argument in turn.

## II. Discussion

A. Prejudgment Interest Claim

Because the Eleventh Amendment bars suits for retroactive monetary damages that must be paid from the state treasury, Edelman v. Jordan, 415 U.S. 651, 663-60 (1974), we must determine whether the money the Dunns deposited with the Commission was placed in an interest bearing account, as Mr. Francis's

letter suggests, or whether the Commission would have to pay the Dunns out of the state treasury. While the Dunns assert that interest in fact accrued, Aplt. Br. at 13, there is nothing in the record to substantiate this claim. Moreover, at oral argument, counsel for the Dunns and for Defendants stated that they did not know whether the money was placed in an interest bearing account. We must therefore remand this issue to the district court for further factual findings.

We reject the argument that the Dunns' claim should be denied because they did not "argue specifically for prejudgment interest until after the court entered judgment on the parties' dispositive motions." Aplee. Br. at 10 (emphasis added). The Dunns requested interest in their complaint, Aplt. App. at 19, and in their motion for summary judgment for injunctive and declaratory relief. Aplt. Supp. App. at 10.

B. Claims Against the Commission Employees and Mr. Francis

The district court erred in dismissing the Dunns' complaint against the Commission employees and Mr. Francis under Rule 12(c). We review the district court's dismissal de novo, under the standards applicable to Fed. R. Civ. P. 12(b)(6). Ramirez v. Dept. of Corrections, 222 F.3d 1238, 1240 (10th Cir. 2000). We are also mindful of Fed. R. Civ. P. 8(a), requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." We address the non-conspiracy and conspiracy claims separately.

1.  Non-Conspiracy Claims

"For supervisory liability [in a § 1983 action], plaintiffs must demonstrate an affirmative link between the supervisor's conduct and the constitutional deprivation." Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990). To establish an affirmative link, "[p]laintiffs must show that a supervisory defendant, expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation." Id. As for the liability of defendants acting in non-supervisory capacities, "there must be cause in fact between the conduct complained of and the constitutional deprivation." Id.

After reviewing the complaint, accepting all well-pleaded allegations as true, and construing the complaint in a light most favorable to the Dunns, we cannot say that it appears "beyond doubt that [the Dunns] can prove no set of facts in support of [their] claim." Ramirez, 222 F.3d at 1240 (internal quotations and citations omitted). The Dunns alleged that Mr. Francis and the Commission employees conducted warrantless searches of their residence and business and warrantless seizures of their personal property, inventory, and money. If proven at trial, these actions could constitute a violation of the Dunns' constitutional rights. Furthermore, the Dunns alleged the requisite link between the defendants' conduct and the alleged constitutional deprivation. The Dunns' alleged that the defendants authorized and conducted the searches and seizures, clearly tying the

defendants, whether in a supervisory or non-supervisory capacity, to the execution of the warrantless searches and seizures.  Cf. Snell, 920 F.2d at 700; Durre v. Dempsey, 869 F.2d 543, 548 (10th Cir. 1989) ("Plaintiff alleged defendant . . . instigated and directed the beating of plaintiff by several other inmates in the presence of defendant . . . .").

We reject the argument that the Dunns' complaint was subject to a heightened pleading standard because the Commission employees and Mr. Francis pled qualified immunity in defense.  Aplee. Br. at 19-20.  "[A] heightened pleading standard" is appropriate only when "a defendant asserts a qualified immunity defense in a Fed. R. Civ. P. 12(c) motion . . . " Ramirez, 222 F.3d at 1241; accord Breidenbach v. Bolish, 126 F.3d 1288, 1291 (10th Cir. 1997).  But see Crawford-El v. Britton, 523 U.S. 574, 595 (1998).   Here, the Defendants' Rule 12(c) motion is void of any reference to qualified immunity.  The Dunns' complaint was therefore not subject to this heightened pleading standard at least at this point.  We express no opinion on the need for an amended complaint should a pretrial motion asserting a qualified immunity defense be filed.

Finally, we reject Defendants' extraordinary argument that the searches and seizures were necessarily constitutional because they were conducted pursuant to a state statute that was constitutional at that time.  The mere fact that the Act was in existence says nothing about the constitutionality of the searches and seizures

under the Fourth Amendment.

    2.  <u>Conspiracy Claims</u>

To state a valid § 1983 conspiracy claim, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." <u>Tonkovich v. Kansas Board of Regents</u>, 159 F.3d 504, 533 (10th Cir. 1998). The Dunns stated a valid § 1983 conspiracy claim by alleging that the Commission employees and Mr. Francis acted in "concert" and in "conspiracy with each other and others." Aplt. App. at 19. The Dunns complaint also implies the existence of an agreement. In <u>Snell</u>, we reversed the district court's grant of summary judgment against the plaintiffs' § 1983 conspiracy claim. We explained that to show the existence of an agreement, "it simply must be shown that there was a single plan, the essential nature and general scope of which [was] know[n] to each person who is to be held responsible for its consequences." 920 F.2d at 702 (internal quotations and citations omitted). Applying this standard to the Dunns' complaint, we hold that the Dunns sufficiently pled the existence of an agreement. The Dunns sufficiently alleged that there was a single plan: the searches and seizures. The Dunns also sufficiently pled that the Commission employees and Mr. Francis knew of the nature and scope of the searches and seizures by alleging that they were involved in the authorization and execution thereof.

C.  <u>Motion to Alter or Amend Judgment</u>

In light of the above holdings, we need not address whether the district court abused its discretion in denying the Dunn's motion to alter or amend the judgment.

Reversed in part and remanded.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge