**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOANN O. FLORES,

      Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER,
a municipal corporation; DENVER
DEPARTMENT OF HUMAN
SERVICES, a Department of the
Executive Branch of the government
of the City and County of Denver,
Colorado, formerly known as Denver
Department of Social Services;
MARGARET O'ROURKE,
individually,

      Defendants-Appellees.

No. 01-1185
(D.C. No. 99-D-1061)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **McKAY** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Joann O. Flores is appealing the district court's entry of summary judgment in favor of defendants Denver Department of Human Services (DDHS) and Margaret O'Rourke (O'Rourke).  We affirm the entry of summary judgment in favor of DDHS on plaintiff's retaliation claim under 42 U.S.C. § 2000e-3, but reverse the entry of summary judgment in favor of O'Rourke on plaintiff's claim of national origin discrimination under 42 U.S.C. § 1981. [1]

## I.

Plaintiff is a Hispanic female who has been employed by DDHS and its predecessor for over twenty years.  In 1984, she became the supervisor of DDHS' Low Income Energy Assistance Program (LIEAP).  In May 1997, O'Rourke became plaintiff's immediate supervisor.  Plaintiff alleges that O'Rourke continually treated her in a demeaning and offensive manner because of her national origin, and she alleges that O'Rourke did not treat other supervisors who are white in the same manner.  Specifically, plaintiff alleges that, during

---

[1]     The district court also entered summary judgement in favor of defendant City and County of Denver on all of plaintiff's claims; defendant DDHS on plaintiff's § 1981 claim; and defendant O'Rourke on plaintiff's Title VII claim. Plaintiff is not appealing the entry of summary judgment on these claims, and we will therefore not address them.

a meeting on March 4, 1998, O'Rourke became upset with her and physically grabbed her arm, shook it for several seconds, and then punched her in the arm. Plaintiff formally complained about the latter incident to O'Rourke's supervisor, and she was eventually offered five options for resolving her problems with O'Rourke. The option plaintiff accepted was to leave her position as supervisor of LIEAP and accept a lateral transfer to a position as supervisor of DDHS' Supplemental Foods Program.

Plaintiff subsequently filed suit against defendants in the United States District Court for the District of Colorado. In her complaint, plaintiff asserted a number of claims against defendants, but she eventually abandoned all of her claims except for two. First, plaintiff asserted a claim against DDHS for unlawful retaliation under 42 U.S.C. § 2000e-3, alleging that she was transferred from her position as supervisor of LIEAP in retaliation for complaining about O'Rourke's discriminatory conduct. Second, plaintiff asserted a claim against O'Rourke under 42 U.S.C. § 1981, alleging that O'Rourke unlawfully discriminated against her based on her national origin. The district court entered summary judgment in favor of DDHS and O'Rourke, and this appeal followed.

II.

A.  Summary Judgment Standard

"This court reviews a grant of summary judgment *de novo*, applying the same standard applied by the district court." *See Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999) (citation omitted). "Under this standard, this court examines the record to determine whether any genuine issue of material fact is in dispute. We construe the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Id.* (citations omitted). "If there are no material issues of fact in dispute, this court determines whether the district court correctly applied the substantive law. When this court reviews a grant of summary judgment, it reviews the district court's conclusions of law *de novo*." *Id.* (citations omitted).

B.  Plaintiff's Retaliation Claim Under Title VII

In order to establish a prima facie case of retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, plaintiff must prove that: (1) she was engaged in protected opposition to Title VII discrimination; (2) she was subjected to an adverse employment action by DDHS; and (3) a causal connection existed between the protected activity and the adverse employment action. *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 533 (10th Cir. 1998). Applying the second prong of this test, the district court found that plaintiff's

lateral transfer to the Supplemental Foods Program did not constitute an adverse employment action because it was undisputed that the transfer was not accompanied by a change in pay or benefits and that plaintiff accepted the transfer voluntarily. The district court therefore found that plaintiff had failed to establish a prima facie case of retaliation in violation of Title VII, and it entered summary judgment in favor of DDHS.

We agree with the district court's analysis. As in *Sanchez*, plaintiff's lateral transfer to another program within DDHS did not constitute an adverse employment action since it is undisputed that her salary, tenure, and benefits remained the same, and she has failed to establish that the transfer constituted more than a mere inconvenience or an alteration of her job responsibilities. *Cf. id.* at 532 (affirming summary judgment dismissing teacher's Title VII discrimination claim where teacher's lateral transfer to another school was not adverse employment action since teacher continued to receive same pay and benefits and teach at elementary school level). Although plaintiff claims that the transfer constituted an adverse employment action because she had no prior experience or training for her new position, plaintiff has failed to show that the transfer amounted to a significant change in her employment status. *See id.* Accordingly, plaintiff has failed to establish a prima facie case of retaliation in

violation of Title VII, and we affirm the entry of summary judgment in favor of DDHS.[2]

C.  Plaintiff's Discrimination Claim Under § 1981

The district court granted summary judgment in favor of O'Rourke on plaintiff's § 1981 claim on the grounds that, even if there was an employment contract between plaintiff and DDHS, there was no privity of contract between plaintiff and O'Rourke.  This ruling is based on an erroneous interpretation of § 1981, and we reverse the district court's entry of summary judgment in favor of O'Rourke.

In employment discrimination cases, § 1981 requires that there be an underlying employment contract between the plaintiff and his or her employer, but there is no requirement that the plaintiff must also be in privity of contract with a supervisor or other co-employee before the latter can be sued individually under § 1981.  Instead, an individual defendant can be held liable under § 1981 if the individual defendant was personally involved in the discriminatory conduct. *See Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir. 1991), *overruled*

---

[2]    In light of our holding, we do not need to address the district court's alternative findings that: (1) plaintiff was not engaged in protective conduct because she did not specifically complain about racial discrimination when she reported O'Rourke's conduct to her supervisor; and (2) even if plaintiff established a prima facie case of retaliation, the claim fails because there is no evidence that DDHS's decision to transfer plaintiff was a pretext for discrimination.

*on other grounds*, *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1228 (10th Cir. 2000); *accord Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000); *Cardenas v. Massey,* 269 F.3d 251, 268 (3d Cir. 2001). This conclusion is supported by the following decisions of this court in which the panels, while not specifically addressing the privity of contract issue, implicitly recognized that an individual employee can be held liable under § 1981 if there is an underlying employment contract and the individual employee was personally involved in the alleged racial discrimination. *See Ramirez v. Dep't of Corr.,* 222 F.3d 1238, 1240-42, 1244 (10th Cir. 2000); *Perry*, 199 F.3d at 1130-33, 1143; *Reynolds v. Sch. Dist. No. 1,* 69 F.3d 1523, 1528-30, 1532 (10th Cir. 1995).

It is undisputed that plaintiff was an employee of DDHS and that her § 1981 claim is supported by an underlying employment contract. [3] Further, plaintiff has alleged that O'Rourke personally discriminated against her because she is Hispanic. Accordingly, we reverse the district court's entry of summary judgment in favor of O'Rourke on plaintiff's § 1981 claim and remand that claim to the district court. In doing so, we intend no comment on whether plaintiff has

---

[3] While there was apparently no written employment contract between plaintiff and DDHS, it is undisputed that plaintiff had a twenty-year employment relationship with the department and its predecessor and that she was an employee of the department at the time O'Rourke allegedly discriminated against her. This is sufficient evidence of an underlying employment contract to support plaintiff's § 1981 claim. *See Perry,* 199 F.3d at 1132-33 (holding that written employment contract is not necessary to support § 1981 claim).

put forth sufficient evidence to survive summary judgment on her § 1981 claim, an issue not addressed by the district court.

The judgment of the United States District Court for the District of Colorado is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Michael R. Murphy
Circuit Judge