FILED
United States Court of Appeals
Tenth Circuit

January 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH JASON RAGSDELL,

      Plaintiff - Appellee,

v.

REGIONAL HOUSING ALLIANCE
OF LA PLATA COUNTY; JENNIFER
LOPEZ,

      Defendants - Appellants.

No. 14-1104
(D.C. No. 1:12-CV-00967-JLK)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **GORSUCH**, and **BACHARACH**, Circuit Judges.

Mr. Kenneth Ragsdell worked for the Regional Housing Alliance (a

governmental entity) while disabled from multiple sclerosis. He eventually quit,

allegedly because his supervisor (Ms. Jennifer Lopez) had irrationally refused any

accommodations for the disability. After quitting, Mr. Ragsdell sued the housing

alliance and Ms. Lopez, invoking state law against the housing alliance and

---

[*]    This order and judgment does not constitute binding precedent except under
the doctrines of law of the case, res judicata, and collateral estoppel. But, under
some circumstances, citation may be permissible under Fed. R. App. P. 32.1(a)
and 10th Cir. R. 32.1(A).

alleging denial of equal protection by both defendants.[1]  The housing alliance and

Ms. Lopez unsuccessfully moved for summary judgment.  After the court denied

the motion, the housing alliance and Ms. Lopez appealed.

In this appeal, the primary issue involves Ms. Lopez's assertion of qualified

immunity on the equal protection claim.  She is entitled to qualified immunity in

the absence of a clearly established constitutional right to accommodation for

disabled employees.  Such a right has not been recognized by the Supreme Court,

our court, or other federal appellate courts.  In the absence of precedential or

persuasive support for this constitutional right, Ms. Lopez is entitled to qualified

immunity.  Thus, we reverse the denial of her motion for summary judgment.

## I.      Equal Protection Claim Against Ms. Lopez (Qualified Immunity)

Under the precedents in the Supreme Court and our court, there is no

clearly established constitutional protection against employment discrimination

on the basis of a disability.

The threshold issue is jurisdiction.  As Mr. Ragsdell conceded in his brief,

we have jurisdiction to determine whether the law was clearly established at the

time of the alleged violation.  *Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753

(10th Cir. 2013).

---

[1]      Mr. Ragsdell concedes that the Americans with Disabilities Act does not
apply.  *See* Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* (2012).

With jurisdiction, we must consider whether the law was clearly established when Ms. Lopez allegedly failed to accommodate Mr. Ragsdell for his disability. Because the issue arises in summary judgment proceedings, we view the evidence in the light most favorable to Mr. Ragsdell, the party opposing the motion. *See Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1226 (10th Cir. 2014). Viewing the evidence this way, we confine our focus to legal issues. *See Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). The legal issues for qualified immunity are

- whether a reasonable trier of fact could find a legal violation, and

- whether the legal duty was clearly established at the time of the alleged violation.

*Id.*

In considering the second legal issue, we ordinarily consider a right to be clearly established only if it has been acknowledged in decisions by the Supreme Court, our court, or the weight of authority elsewhere. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998). The facts in these decisions need not be identical, but the cases must provide adequate notice to alert Ms. Lopez to the constitutional right. *Green v. Post,* 574 F.3d 1294, 1299-1300 (10th Cir. 2009).

In the summary judgment ruling, the district court identified only one factual disagreement.[2] That example was whether Ms. Lopez had refused to help Mr. Ragsdell move his paper files. Mr. Ragsdell adds in his appeal brief that Ms. Lopez

- harassed him about his available leave time, medical needs, and need to clean his office,

- refused to allow him to fully participate in a flexible spending program, and

- failed to make reasonable accommodations involving rest and scheduling of duties.

For the sake of argument, we may assume that Mr. Ragsdell's summary judgment evidence would create triable issues on each allegation. With this assumption, we would need to decide whether the alleged actions violated a clearly established constitutional right. We conclude that if such a right existed, it was not clear from any precedents.

Neither the Supreme Court nor our court has ever applied the Fourteenth Amendment's Equal Protection Clause to unequal treatment based on a failure to accommodate an employee's disability. To the contrary, both courts have suggested that the Equal Protection Clause does not apply in these circumstances. For example, the Supreme Court has observed that "[i]f special accommodations for the disabled are to be required, they have to come from positive law and not

---

[2] The district court added that many examples existed.

-4-

through the Equal Protection Clause." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367-68 (2001). And, we have rejected an equal protection claim by a disabled job applicant, reasoning that "nothing in the United States Constitution requires the City to accommodate [the disabled applicant's] condition." *Welsh v. Tulsa*, 977 F.2d 1415, 1420 (10th Cir. 1992). Other courts have reached similar conclusions. *See, e.g.*, *Erickson v. Bd. of Govs. of State Colls. & Univs. for Ne. Ill. Univ.*, 207 F.3d 945, 949 (7th Cir. 2000) ("Consideration of an employee's disabilities is proper, so far as the Constitution is concerned.").

In the absence of precedential or widespread support, Ms. Lopez lacked notice of a constitutional requirement to accommodate Mr. Ragsdell's disability. Thus, Ms. Lopez is entitled to qualified immunity as a matter of law. *See DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 725 (10th Cir. 1988) (holding as a matter of law that the defendants were entitled to qualified immunity on a claim based on disqualification of one-eyed individuals as inspectors, reasoning that the right was not clearly established).

Mr. Ragsdell points out that the Equal Protection Clause forbids any classification lacking a rational relationship to a legitimate governmental objective. *See, e.g.*, *Powers v. Harris*, 379 F.3d 1208, 1216 (10th Cir. 2004). In Mr. Ragsdell's view, this prohibition applied because Ms. Lopez had irrationally refused to make any accommodations.

For the sake of argument, we may assume that Ms. Lopez's conduct was irrational and violated Mr. Ragsdell's right to equal protection. But, these assumptions would not preclude qualified immunity, for Mr. Ragsdell "must do more than simply allege the violation of a general legal precept" such as the rational-basis standard for equal protection. *Jantz v. Muci*, 976 F.2d 623, 627 (10th Cir. 1992). He must also show that existing law would have alerted Ms. Lopez to the unlawfulness of her actions. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that duty.").

To make this showing, Mr. Ragsdell relies on three cases:

- *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432 (1985);

- *Ramirez v. Dep't of Corrs.*, 222 F.3d 1238 (10th Cir. 2000); and

- *Copelin-Brown v. N.M. State Pers. Office*, 399 F.3d 1248 (10th Cir. 2005).

These cases do not create a clearly established right in the present context. "[T]he result depends very much on the facts of each case," and *Cleburne*, *Ramirez*, and *Copelin-Brown* involved far different facts. *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (per curiam).

In *Cleburne*, the Supreme Court simply applied the Equal Protection Clause to support rational-basis review of a zoning ordinance restricting the location of

-6-

group homes for individuals with mental disabilities. *City of Cleburne*, 473 U.S. at 442, 446. The Supreme Court clarified *Cleburne* in *Garrett*:

> [T]he result of *Cleburne* is that States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational. They could quite hardheadedly — and perhaps hardheartedly — hold to job-qualification requirements which do not make allowance for the disabled.

*Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367-68 (2001).

With this clarification, *Cleburne* could not reasonably have provided notice to Ms. Lopez that she had a constitutional duty to accommodate Mr. Ragsdell's disability.

The same is true of *Ramirez* and *Copelin-Brown*. In *Ramirez*, we simply held that the Constitution clearly prohibited discrimination based on race and national origin—not disability. *Ramirez*, 222 F.3d at 1243-44. And, in *Copelin-Brown*, we held that the Constitution clearly protected employees' right to a hearing to challenge their termination. *Copelin-Brown*, 399 F.3d at 1256. The allegations against Ms. Lopez did not involve entitlement to a hearing.

Against the existing legal backdrop, Ms. Lopez would have had little reason to expect a court to regard denial of accommodation to Mr. Ragsdell as unconstitutional under the rational-basis standard. *See DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 725 (10th Cir. 1988) (holding that a prospective employer was entitled to qualified immunity in part because of the

-7-

absence of any decision that a regulatory classification based on a disability (vision in only one eye) lacked a rational basis); *see also Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir. 1992).[3]

## II.    Claims Against the Housing Alliance (Pendent Appellate Jurisdiction)

Mr. Ragsdell has also sued the housing alliance under 42 U.S.C. § 1983 and the Colorado Anti-Discrimination Act.  The district court denied the housing alliance's summary judgment motion on these claims, and the housing alliance appeals under a theory of "pendent appellate jurisdiction."  We can entertain this appeal only if the housing alliance's arguments are "inextricably intertwined" with our consideration of Ms. Lopez's qualified immunity.  *Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 915 (10th Cir. 2008).

The issues are not inextricably intertwined.  We have held that the alleged constitutional rights were not clearly established for someone in Ms. Lopez's position, but have not addressed the underlying constitutionality of her actions. Thus, our decision on qualified immunity does not affect the constitutional or

---

[3]    In *Jantz v. Muci*, we addressed whether an employer had qualified immunity when he allegedly declined to hire a man based on perceived "homosexual tendencies."  *Jantz v. Muci*, 976 F.2d 623, 625-27 (10th Cir. 1992). When the employer made the hiring decision, the rational-basis standard applied. *Id.* at 628.  The applicant argued that the refusal to hire him because of perceived homosexuality "could not withstand the clearly established rational basis review." *Id.*  We rejected this argument and held that the employer enjoyed qualified immunity.  *Id.* at 628-30.  A rational-basis standard was clearly established; but under existing precedents, unlawfulness under the rational-basis standard would not have been apparent.  *Id.* at 630.

statutory claims against the housing alliance.  In these circumstances, we dismiss the housing alliance's appeal based on a lack of jurisdiction.  *See Lynch v. Barrett*, 703 F.3d 1153, 1164 (10th Cir. 2013) (concluding that we lacked pendent appellate jurisdiction based on our reliance on the absence of a clearly established constitutional right in deciding qualified immunity).

## III.   Disposition

We reverse and remand the denial of summary judgment for Ms. Lopez, directing the district court to award summary judgment to her based on qualified immunity.  We also dismiss the housing alliance's appeal based on a lack of jurisdiction.

Entered for the Court


Robert E. Bacharach
Circuit Judge