FILED
United States Court of Appeals
Tenth Circuit

February 24, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RODNEY DEWALT,

    Plaintiff - Appellant,

v.

CITY OF OVERLAND PARK, KANSAS,

    Defendant - Appellee.

No. 19-3169
(D.C. No. 2:18-CV-02690-DDC-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.[**]
_____

Plaintiff Rodney DeWalt, a pro se litigant, appeals the dismissal of his complaint

by the United States District Court for the District of Kansas. Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

In December 2018 Mr. DeWalt, an African-American business owner, brought

suit against the City of Overland Park, Kansas, alleging claims of race discrimination

under 42 U.S.C. § 1981 and violations of his constitutional rights (procedural due

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

process, equal protection, and freedom of association) under 42 U.S.C. § 1983. He also brought state tort claims (intentional interference with economic relations and intentional infliction of emotional distress). His claims all arose out of his unsuccessful effort to open and operate Gossip, a live-entertainment venue in Overland Park that catered to African-American customers. He alleged in his complaint that he was forced to close Gossip after experiencing multiple electrical issues due to faulty wiring, a fire caused by this faulty wiring, and racist threats from unidentified members of the public.

After answering Mr. DeWalt's complaint, the City moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). Mr. DeWalt filed a response, which included a request for leave to amend his complaint if the motion to dismiss was granted. The district court concluded that Mr. DeWalt's complaint failed to allege facts capable of supporting his federal claims. It explained that none of Mr. DeWalt's allegations showed any racial motive behind the City's actions, or that any action by the City hurt him in any way. And it explained that Mr. DeWalt failed to identify any City policy or custom responsible for the alleged constitutional violations. The court, however, granted Mr. DeWalt 10 days to file a motion for leave to amend that attached the proposed amended complaint, as required under D. Kan. Rule 15.1. The court also stated that if it dismissed the federal claims, it would be inclined to decline to exercise supplemental jurisdiction over the state-law claims.

Mr. DeWalt moved for a 30-day extension of the deadline. The magistrate judge denied this motion, but nonetheless extended the deadline by four days. Mr. DeWalt did not file a timely motion to amend; instead, he filed only an amended complaint, and he

2

did so two days after the extended deadline had expired. The magistrate judge granted the City's motion to strike the amended complaint.

On August 5, 2019, the district court entered an order dismissing Mr. DeWalt's original complaint, dismissing the federal claims for failure to state a claim and declining to exercise supplemental jurisdiction over the state-law claims, dismissing them without prejudice. The court noted that the magistrate judge had determined that the amended complaint did not cure the defects in the original complaint. The next day, Mr. DeWalt moved for reconsideration of the order striking his amended complaint, arguing that he "was so upset he missed [a] flight . . . that he rushed to the US Post Office and overlooked the motion [for leave to amend] by mistake." R., Vol. 1 at 304. Mr. DeWalt then filed a timely notice of appeal from the district court's order dismissing his case. The magistrate judge later denied the motion for reconsideration.

Mr. DeWalt lists nine issues in his brief on appeal. Most of these issues, however, concern rulings of the magistrate judge that he did not object to and seek review by the district court. His failure to object "strips us of jurisdiction to review the challenged order[s]." *SEC v. Merrill Scott & Assoc.,* 600 F.3d 1262, 1269 (10th Cir. 2010). This is because "a magistrate judge may not issue a final order directly appealable to the court of appeals. Properly filed objections resolved by the district court are a prerequisite to our review of a magistrate judge's order under [28 U.S.C.] § 636(b)(1)(A)." *Id.* at 1269 (internal quotation marks omitted); *see* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the [magistrate judge's] order not timely objected to.").

There remain only Mr. DeWalt's arguments that his original complaint should not have been dismissed for failure to state a claim and that in any event he should have been allowed to file his amended complaint. "We accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000). We reject Mr. DeWalt's arguments for essentially the same reasons given by the district court and magistrate judge. We agree with them that neither complaint alleges facts showing the discrimination or harm necessary for a claim under § 1981, *see Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001), or the municipal policy or custom required for a claim against the City under § 1983, *see Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010).

Finally, we see no abuse of discretion by the district court in declining to exercise supplemental jurisdiction over Mr. DeWalt's remaining state-law claims. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 524 (10th Cir. 2013) ("A district court's decision whether to exercise supplemental jurisdiction over state-law claims after dismissing every claim over which it had original jurisdiction is purely discretionary" (brackets and internal quotation marks omitted)).

We **AFFIRM** the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge

4