Kenneth McHENRY,
Plaintiff–Appellant,

v.

UTAH VALLEY HOSPITAL, a DIVI-
SION OF INTERMOUNTAIN
HEALTH CARE, INC.,
Defendant–Appellee.

No. 89–4134.

United States Court of Appeals,
Tenth Circuit.

March 12, 1991.

Kenneth McHenry, pro se.

Scott C. Pugsley and James W. Gilson, Intermountain Health Care, Inc., Salt Lake City, Utah, for defendant-appellee.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Plaintiff Kenneth McHenry, a medical doctor who appears pro se and in forma pauperis in this appeal, filed suit against Utah Valley Hospital for injuries he allegedly received in January 1980, when the arm of a parking lot gate on the premises unexpectedly descended and knocked him to the ground. McHenry was treated for his injuries and apparently had no further problems for some time. He later developed back problems. McHenry asserts that he did not learn until November 1984 that the incident resulted from Utah Valley's negligence in operating and maintaining the gate. He asserts that he did not realize until some time after 1984 that his back injury was attributable to the 1980 gate incident. He did not file suit until October 1988.

Utah Valley filed an answer and, concurrently, a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c); it also requested an award of attorney's fees and costs pursuant to Fed.R.Civ.P. 11. The United States magistrate assigned to the case recommended that Utah Valley's motion be granted because McHenry's complaint was filed outside the applicable statute of limitations, Utah Code Ann. § 78–12–25(3). McHenry filed objections, but the district court adopted the magistrate's report and recommendation, concluding that McHenry's suit was properly barred as untimely. The district court also imposed sanctions of $500 for attorney's fees and costs against McHenry and his counsel, finding that McHenry's argument that Utah's statute of limitations violated the Utah constitution's open courts provision, Utah Const. art. I § 11, was not warranted by existing law. *McHenry v. Utah*

**1126**

*Valley Hosp.,* 724 F.Supp. 835, 838 (D.Utah 1989). McHenry now appeals.[1]

"Where a party moves to dismiss pursuant to Fed.R.Civ.P. 12(c), we will review the judgment on the pleadings under the standard of review applicable to a Rule 12(b)(6) motion to dismiss." *Bishop v. Federal Intermediate Credit Bank of Wichita,* 908 F.2d 658, 663 (10th Cir.1990). Therefore, the standard of review is de novo. *See Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir.1986). We apply an abuse of discretion standard to both the violation determination and the imposition of sanctions under Fed.R.Civ.P. 11. *See Adamson v. Bowen,* 855 F.2d 668, 672–73 (10th Cir.1988); *Burkhart ex rel. Meeks v. Kinsley Bank,* 852 F.2d 512, 515 (10th Cir. 1988).

After examining the record, we agree with the district court that McHenry's claims are barred by Utah's four-year statute of limitations. We also hold that there was no abuse of discretion in the district court's imposition of sanctions against plaintiff and his counsel. The record indicates that McHenry was afforded sufficient notice of the court's consideration of the issue of sanctions and had ample opportunity to respond and be heard regarding this issue. *See Braley v. Campbell,* 832 F.2d 1504, 1514 (10th Cir.1987).

McHenry's request for sanctions against Utah Valley pursuant to 28 U.S.C. § 1927 for precipitating an unnecessary appeal is denied. We have not considered Utah Valley's supplemental brief; therefore it is not necessary for us to reach the merits of McHenry's motion to strike that brief.

For substantially the reasons contained in the district court's opinion, published as *McHenry v. Utah Valley Hosp.,* 724 F.Supp. 835 (D.Utah 1989), and on the basis of the authorities cited therein, the judgment of the district court is AFFIRMED.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.