46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James R. BETTS, Plaintiff-Appellant,
v.
GREELEY, CITY OF, COLORADO; Russell S. Pugh, Greeley
Municipal Court Judge; George N. Monsson, City of
Greeley Attorney; Peter Bratton, City
of Greeley Policy Officer,
Defendants-Appellees.
 No. 94-1081.
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff James Betts appeals from the district court's dismissal of his civil rights complaint against defendants Russell Pugh, George Monsson, Peter Bratton, and the City of Greeley. In his complaint, Betts alleged the defendants violated his federal constitutional rights when they issued, and then prosecuted, a speeding ticket. He sought actual damages in excess of $10,000 and exemplary, punitive or special damages in excess of $100,000. The district court ruled in favor of the individual defendants on their motions to dismiss, and also dismissed the claims against the city for insufficiency of process. In addition, the court awarded attorney's fees to defendant Pugh. We affirm.
 
 
 3
 On April 25, 1992, police officer Bratton issued Betts a speeding ticket for going 53 miles per hour in a thirty mile an hour zone. Later, municipal prosecutor Monsson filed a motion to amend the violation to a lesser charge of going 49 miles per hour in a thirty mile an hour zone. Municipal Judge Pugh granted the amendment, which effectively eliminated Betts' right to a jury. Subsequently, Betts filed the underlying complaint pursuant to 42 U.S.C.1983 alleging the defendants were engaging in a conspiracy to violate his right to appointed counsel and a jury. He continues to assert this argument on appeal.
 
 
 4
 After the complaint and answer were filed in the district court, Judge Pugh filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(c). He maintained he was absolutely immune from suit for any actions taken in the course of his official duties as municipal judge. The district court agreed, and dismissed the complaint against him. We review this decision de novo, applying the applicable standard under Rule 12(b)(6). McHenry v. Utah Valley Hosp., 927 F.2d 1125, 1126 (10th Cir.), cert. denied, 112 S.Ct. 263 (1991). We agree Judge Pugh is immune from suit.
 
 
 5
 Judges performing in their official capacities are immune from suit under 1983. Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), cert. denied, 115 S.Ct. 107 (1994). This immunity is very broad. A judge "will not be deprived of [it] because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Rather, "he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Id. at 356-57 (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1871)). Betts has not alleged any facts indicating Judge Pugh acted outside his customary role in allowing amendment of the speeding charge. Therefore, he is immune from suit.
 
 
 6
 Likewise, the district court properly ruled defendant Monsson cannot be sued under 1983. The Supreme Court recently reiterated the historical view that "acts undertaken by a prosecutor ... which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993). Betts argues Monsson erred in seeking to amend his speeding ticket to charge only the lesser offense. That act was clearly within his role as the municipality's advocate. He is, therefore, clothed with absolute immunity.
 
 
 7
 The district court granted officer Bratton's motion to dismiss on two grounds. First, the court ruled the complaint failed to state a claim for relief under Fed.R.Civ.P. 12(b)(6). In addition, the motion was granted on the ground that Bratton possessed qualified immunity. We agree that the allegations concerning officer Bratton are inadequate to state a claim. See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989). Moreover, Betts has not made any showing that Bratton violated his clearly established constitutional rights. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Consequently, dismissal was appropriate.
 
 
 8
 The court dismissed the claims against the City of Greeley because it determined service was insufficient. See Fed.R.Civ.P. 12(b)(5). Under Fed.R.Civ.P. 4(j)(2),[2] municipal corporations must be served "by delivering a copy of the summons and of the complaint to [the] chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." It is undisputed that Betts did not effect service properly.
 
 
 9
 "The general rule is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.' " Gregory v. United States Bankruptcy Court, 942 F.2d 1498, 1500 (10th Cir.1991)(quoting Pell v. Azar Nut Co., 711 F.2d 949, 950 n. 2 (10th Cir.1983)), cert. denied, 112 S.Ct. 2276 (1992). Here, the district court simply dismissed the claims without allowing Betts the opportunity to cure the problem. We have determined, however, that any error does not require reversal because proper service would be futile. See Gregory, 942 F.2d at 1500 (holding that proper service would be futile "because, after stripping the complaint of its many unsupported legal conclusions," it was subject to dismissal).
 
 
 10
 A municipality cannot be liable under 1983 unless there is a constitutional violation. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Betts has not stated specific facts alleging that a city custom or policy resulted in a violation. See St. Louis v. City of Praprotnik, 485 U.S. 112, 127 (1988); Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986). Moreover, Betts' complaint fails to state a cause of action against officer Bratton. Therefore, the city cannot be liable. See Apodaca v. Rio Arriba County Sheriff's Dep't, 905 F.2d 1445, 1447 (10th Cir.1990)(holding that where there was no underlying constitutional violation by a county officer, there could be no action for failure to train properly). Because Betts' complaint fails to state a claim for relief against the city, dismissal was proper. See Gregory, 942 F.2d at 1500.
 
 
 11
 Finally, we turn to the individual defendants' request for damages pursuant to Fed.R.App.P. 38. The rule provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." See also 10th Cir. R. 46.5 (noting that court may award monetary sanctions where party signs and submits brief which is not "well grounded in fact" nor "warranted by existing law" or a good faith argument for extension of it). Betts has had the opportunity to respond. See Braley v. Campbell, 832 F.2d 1504, 1514 (10th Cir.1987). We agree this appeal is devoid of any merit, and that Betts' conduct borders on vexatious. Consequently, we will award each individual defendant $500 in damages.
 
 
 12
 The appellees' motion to strike is GRANTED, as it is clear the appendix of the appellant contains documents not before the district court. The motion for fees is likewise GRANTED. Rule 38 damages are awarded to the individual defendants in the amount of $500 each. The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 This section was formerly identified as Rule 4(d)(6). The amendment did not alter the text of the rule