**UNITED STATES COURT OF APPEALS**
Office of the Clerk
Byron White United States Courthouse
1823 Stout Street
Denver, CO 80257

**Patrick Fisher**                                                                  **Elisabeth Shumaker**
**Clerk**                                                                                **Chief Deputy Clerk**

February 26, 1996

**TO:** ALL RECIPIENTS OF THE CAPTIONED ORDER AND JUDGMENT

**RE:** 95-2153, Bauer v. Dantis
Filed February 21, 1996 by Judge Brorby

Please be advised of the following correction to the captioned decision:

Page 2, first full paragraph, third line from the bottom, the sentence that starts "Bauer, and there is nothing in the complaint to indicate he intended to do so.", should read "Inmate Joseph Sanchez did not physically harm Mr. Bauer, and there is nothing in the complaint to indicate he intended to do so.".

Attached is a substitute page 2.

Very truly yours,

Patrick Fisher,
Clerk

By:

Barbara Schermerhorn
Deputy Clerk

Attachment

**Filed 2/21/96**

————————————

DAVID MICHAEL BAUER,                        )
                                           )
     Plaintiff-Appellant,                )
                                           )
v.                                          )          No. 95-2153
                                           )      (D.C. No. CIV-94-430-LH)
JOHN DANTIS, PAUL SANCHEZ, FRANK            )          (D. New Mexico)
LOVATO,                                     )
                                           )
     Defendants-Appellees.               )

————————————

**ORDER AND JUDGMENT**[*]

————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff David Michael Bauer filed a complaint against John Dantis, the Director of the Bernalillo County, New Mexico, Detention Center, and Correctional Officers Paul Sanchez and Frank Lovato pursuant to 42 U.S.C. § 1983, alleging he suffered cruel and unusual treatment while incarcerated.[1] The district court granted judgment on the pleadings in favor of defendants. We

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] It is unclear from the pleadings whether Mr. Bauer was a pretrial detainee or a convicted prisoner at the time his cause of action accrued. Although the Eighth Amendment applies only to convicted prisoners, *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979), for the purposes of the claims alleged in the complaint, pretrial detainees have essentially the same rights under the due process clause of the Fourteenth Amendment as convicted prisoners have under the Eighth Amendment. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). The district court therefore applied Eighth Amendment standards in analyzing Mr. Bauer's claims. The parties do not contend it was error for the district court to do so. We therefore apply those standards as well.

affirm.

## I

The complaint alleges two causes of action: First, it alleges that the defendants were "well aware of the aggressive and assaultive behavior" of inmates David Strichfeld and David Sanchez, but allowed these inmates to "roam around the day room without restraints." One day, Correctional Officers Sanchez and Lovato escorted Mr. Bauer from his cell to a meeting with his public defender in the day room. The public defender told Mr. Bauer to make a phone call. While Mr. Bauer was using the phone, inmate Joseph Sanchez began pounding on his cell door and "screaming threats directed toward" Mr. Bauer. The public defender then suggested he use the telephone in "H-pod." Either Correctional Officer Sanchez or Lovato then released inmate Joseph Sanchez from his cell and "allowed inmate Sanchez to open the officer's desk draw[er], and pull out the key to open the pod door." While inmate Joseph Sanchez was trying to put the key in the door, he was "banging on the windows and door screaming threats." Inmate Joseph Sanchez did not physically harm Mr. Bauer, and there is nothing in the complaint to indicate he intended to do so. Mr. Bauer alleges, however, that he suffered a "panic attack" as a result of the incident. Correctional Officers Sanchez and Lovato did nothing to prevent inmate Joseph Sanchez's behavior.

The complaint also alleges Director John Dantis negligently failed to insure Mr. Bauer's safety. According to Mr. Bauer, inmates are able to "rig" the locks on their cells so that they can open them. After Mr. Bauer's codefendant, William Thrasher, who was also incarcerated at the Bernalillo County Detention Center, learned Mr. Bauer had entered the witness protection program and planned to testify against him, Mr. Thrasher attempted to assault him, threatened to "rig" his door, leave his cell, and kill him. Again, Mr. Bauer does not allege Mr. Thrasher ever physically harmed him. The district court entered judgment on the pleadings in favor of defendants and this appeal followed.

## II

Mr. Bauer now contends the district court erred in granting judgment on the pleadings in favor of defendants. We review orders granting judgment on the pleadings under Fed. R. Civ. P. 12(c) de novo using the standard of review applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Estate of Washington, v. United States, Sectretary of Health*, 53 F.3d 1173, 1174 (10th Cir. 1995); *McHenry v. Utah Valley Hosp.*, 927 F.2d 1125, 1126 (10th Cir.), *cert. denied*, 502 U.S. 894 (1991). "'We will uphold a dismissal under Fed. R. Civ. P. 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.' In making this determination, we must 'accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.'" *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995) (quoting *Sharp v. United Airlines, Inc.,* 967 F.2d 404, 406 (10th Cir.), 113 S. Ct. 464 (1992)). Where, as here, the plaintiff is acting *pro se*, the Supreme Court has directed us to construe the pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but it is not the proper function of the district court or of this court to assume the role of advocate for the pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also United States v. Staggs*, 881 F.2d 1527, 1544 (10th Cir. 1989) (Ebel, J., dissenting) ("[T]his court has on several occasions dismissed pro se complaints, which are to be liberally construed, for failure to plead sufficient facts." (Citation omitted)), *cert. denied*, 493 U.S. 1020 (1990).

Regarding Mr. Bauer's first cause of action, the district court held:

Under some circumstances, the failure to protect an inmate from a threat of violence may state a claim under the Eighth Amendment. *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (failure to protect inmate from fellow prisoners may rise to the level of [E]ighth [A]mendment violation). The general rule in the usual case, however, is that mere words, without more, do not invade a federally protected right. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (idle threats of violence do not rise to the level of an Eighth Amendment violation); *see also Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.) (finding curses or verbal abuse by prison staff not a constitutional violation), *aff'd*, 917 F.2d 1302 (4th Cir. 1990).... By implication, a defendant's failure to protect an inmate from idle threats by fellow inmates does not violate the Eighth Amendment. (Footnote omitted.)

We find no fault in the district court's reasoning. In order to state a cause of action under the Eighth Amendment, a prisoner must show the defendants acted with "deliberate indifference," *Wilson v.*

*Seiter*, 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), to his well-being or constitutes "wanton infliction of pain," *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Given the absence of any allegation in the complaint Inmate Joseph Sanchez actually attempted to physically injure Mr. Bauer, Correctional Officers Sanchez's and Lovato's behavior was not so extreme as to satisfy the very strict "deliberate indifference" standard for Eighth Amendment violations.

The district court concluded Mr. Bauer lacked standing to assert his second cause of action in light of our decision in *Swoboda v. Dubach*, 992 F.2d 286 (10th Cir. 1993). In *Swoboda*, we held a state prisoner lacked standing to raise claims on behalf of others and that "general observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Swoboda*, 992 F.2d at 289-90. Rather, to have standing, a state prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Id.* at 289. In his complaint, Mr. Bauer alleges the poor condition of the locks on the cell doors, including Mr. Thrasher's door, may have made it possible for Mr. Thrasher to fulfil his threat to kill Mr. Bauer in retaliation for testifying against him and caused Mr. Bauer to fear Mr. Thrasher would indeed do so. Mr. Bauer also alleges his fear was well-founded because Mr. Thrasher had attempted to assault him in the past.

In our view, the complaint alleged a sufficient nexus between the condition of the cell doors and his own individual situation at the Bernalillo County Detention Center. It was therefore error for the district court to conclude he lacked standing under *Swoboda*. This conclusion, however, does not end the matter. We must determine whether Mr. Bauer has stated a claim under the Eighth Amendment. Because Mr. Thrasher, like inmate Joseph Sanchez, merely made verbal threats, we conclude Director John Dantis's failure to protect Mr. Bauer by repairing the locks on the cell doors did not amount to deliberate indifference, and is therefore not actionable.

In light of the above, we conclude the district court was correct to hold the complaint failed to state a cause of action under the Eighth Amendment. Mr. Bauer contends if we conclude his

original complaint was inadequate, we should nevertheless remand the case to the district court so that he can file an amended complaint. Mr. Bauer failed to identify most of these supplemental facts in his opposition to defendants' motion for judgment on the pleadings, but instead raises them for the first time on appeal. We therefore do not consider them. *Sac & Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir.), *cert. denied*, 116 S. Ct. 57 (1995). If Mr. Bauer had been allowed to amend his complaint to include the facts identified in his opposition, his claims still would not have been cognizable. The judgment of the district court is therefore **AFFIRMED**.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge