**State of WYOMING, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, et al., Defendant,**

**and Wyoming Outdoor Council et al., Defendant–Intervenors,**

**No. 01–CV–0086–B.**

United States District Court,
D. Wyoming.

May 9, 2002.

Thomas John Davidson, Magdalene M. Allely, Wyoming Attorney General, Cheyenne, WY, Harriet M. Hageman, Kara Brighton, Hageman & Brighton, Cheyenne, WY, for Plaintiff.

Carol A. Statkus, Assistant United States Attorney, U.S. Attorney's Office, Cheyenne, WY, Andrea L. Berlowe, Department of Justice, Environment & Natural Resources Division, Washington, DC, for Defendant.

James S. Angell, Earthjustice Legal Defense Fund, Denver, CO, for Intervenors.

### ORDER DENYING DEFENDANTS' AND DEFENDANT–INTERVENORS' MOTIONS FOR PARTIAL JUDGMENT ON THE PLEADINGS

BRIMMER, District Judge.

This lawsuit arises from the various "roadless initiatives" passed during the final year of President Clinton's second term of office. The matter is currently before the Court on Defendants' (United States Department of Agriculture, et al.) Motion for Partial Judgment on the Pleadings and Defendant–Intervenors' Motion for Partial Judgment on the Pleadings. As both Defendants' and Defendant–Intervenors' Motions for Partial Judgment on the Pleadings are virtually identical in seeking to dismiss Count VI of Plaintiff's Complaint, which alleges a violation of the Federal Advisory Committee Act ("FACA"), the Court will consider the motions together. Upon reading the briefs, hearing oral argument, being fully advised of the premises, and in accordance with the Court's oral findings and ruling from the bench at the April 16, 2002 motion hearing, the Court **FINDS** and **ORDERS** as follows:

### Statement of Parties and Jurisdiction

The Plaintiff, State of Wyoming, is a sovereign state of the United States. There are approximately 9,238,000 acres of

National Forest System land in the State of Wyoming. National Forests comprise approximately 8,688,991 acres of that land, and the Thunder Basin National Grassland makes up about 549,009 acres. Significant portions of the Medicine Bow, Bridger–Teton, Bighorn, and Shoshone National Forests are located within the boundaries of Wyoming. Minor portions of the Black Hills, Wasatch–Cache, Ashley, Targhee, and Caribou National Forests are located in Wyoming.

Defendant United States Department of Agriculture ("USDA") is a department of the Executive branch of the United States Government and is responsible for overseeing the activities of the United States Forest Service ("USFS"). Defendant USFS is an administrative agency of the USDA, and is charged with the administration of the National Forests, including all of those located within the State of Wyoming. Defendant Ann M. Veneman is the Secretary of Agriculture and is sued in her official capacity for the actions of her predecessor, former Secretary of Agriculture Daniel R. Glickman, who signed the challenged roadless area rules and planning rules at issue in this case. Defendant Dale N. Bosworth is Chief of the USFS and is sued in his official capacity for the actions of his predecessor, former Chief Michael Dombeck, who signed the challenged roadless rules and planning rules at issue in this case.

Defendant–Intervenors, the Wyoming Outdoor Council, the Wilderness Society, Sierra Club, Biodiversity Associates, Pacific Rivers Council, Natural Resources Defense Council, National Audubon Society, and Defenders of Wildlife ("WOC Group"), are a collection of environmental organizations that have advocated for the protection of roadless areas before state and federal legislators as well as the Forest Service for a number of years. The WOC Group Intervenors were also active partici-pants in the Forest Service's rule-making process leading up to the Roadless Rule and other Regulations challenged by the State of Wyoming.

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper with this Court pursuant to 28 U.S.C. §§ 1391(b), (e).

### Background

During the final year of President Clinton's second term of office, the USFS through its Chief, Michael Dombeck, announced the National Forest System Land and Management Planning Rule ("Planning Rule"), the Roadless Area Conservation Rule ("Roadless Rule"), the final rule regarding administration of the Forest Development Transportation System ("Transportation Rule"), and the Forest Transportation System Policy ("Transportation Policy").

Plaintiff, State of Wyoming, filed its Complaint for Declaratory Judgment and Injunctive Relief on May 18, 2001. The Plaintiff lists the following claims for relief: Count One–National Environmental Policy Act ("NEPA"); Count II–National Forest Management Act ("NFMA"); Count III–Wilderness Act and the Wyoming Wilderness Act; Count IV–Multiple Use Sustained Yield Act ("MUSYA"); Count V–National Historic Preservation Act ("NHPA"); Count VI–Federal Advisory Committee Act ("FACA"); Count VII–Regulatory Flexibility Act; and Count VIII–Administrative Procedures Act ("APA"). On January 18, 2002 this Court denied Defendants' Motion to Stay Proceedings pending resolution of a similar matter before the Ninth Circuit Court of Appeals.

For purposes of the present motions, Count VI of Plaintiff's Complaint, alleging a violation of FACA, specifically alleges that Defendants established an advisory

committee representing only the national environmental organizations (including the Heritage Forest Campaign, the Wilderness Society, the Natural Resource Defense Council, USPIRG, Earth Justice Legal Defense Fund, Audubon Society, and the Sierra Club) to assist Defendants in formulating the challenged actions. Plaintiff further argues that Defendants held a number of meetings with these organizations and that Defendants were provided with a number of legal memoranda, survey research data, and recommendations by these organizations regarding the roadless actions at issue. Finally, Plaintiff claims that other groups and interested parties were not included in these meetings or transactions. Therefore, Plaintiff claims that the use of these groups constituted a *de facto* advisory committee in violation of FACA.

### ANALYSIS

### 12(c) Motion For Partial Judgment on the Pleadings

Pursuant to F.R.Civ.P. 12(c), Defendants and Defendant–Intervenors seek to dismiss Count VI of Plaintiff's Complaint, which alleges a violation of FACA. Rule 12(c) states:

> Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and *not excluded by the court,* the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

F.R.Civ.P. 12(c) (emphasis added).

In response to Defendants' and Defendant–Intervenors' motions Plaintiff filed additional outside pleadings with the Court as Exhibits C and D, which have been summarized by the Plaintiff in each of its separate responses. However, in analyzing Defendants' and Defendant–Intervenors' Motions for Partial Judgment on the Pleadings, the Court **HEREBY EXCLUDES** from consideration all material presented outside the pleadings. F.R.Civ.P. 12(c). Therefore, the present motions are not converted to Rule 56 motions for summary judgment, and the Court will review the current motions for partial judgment on the pleadings, pursuant to standards of Rule 12(c).

A Rule 12(c) motion for judgment on the pleadings is reviewed under the standard applicable to a Rule 12(b)(6) motion to dismiss. *Villescas v. Richardson,* 124 F.Supp.2d 647, 650 (D.Colo.2000) (citing *McHenry v. Utah Valley Hosp.,* 927 F.2d 1125, 1126 (10th Cir.1991)). Thus, dismissal is appropriate only if it appears that a non-moving party can prove no set of facts under which he would be entitled to relief. *Villescas,* 124 F.Supp.2d at 650 (citing *Coosewoon v. Meridian Oil Co.,* 25 F.3d 920, 924 (10th Cir.1994)).

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Jefferson County School Dist. No. R–1 v. Moody's Investor's Services, Inc.,* 175 F.3d 848, 855 (10th Cir.1999). The court must accept plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1118 (10th Cir.1997). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah*

*State School for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir.1999)(quoting *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)).

*FACA*

█ The Federal Advisory Committee Act ("FACA"), 5 U.S.C. APP. 2 § 1, was enacted by Congress in 1972 based upon "a desire to assess" the need for the "numerous committees, boards, commissions, councils, and similar groups which have been established to advise officers and agencies in the executive branch of the Federal Government." *Public Citizen v. United States Dep't of Justice,* 491 U.S. 440, 445–46, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989) (citing 5 U.S.C. § 2(a)). The purpose of FACA is "to ensure that new advisory committees be established only when essential and that their number be minimized; that they be terminated when they have outlived their usefulness; that their creation, operation, and duration be subject to uniform standards and procedures; that Congress and the public remain apprised of their existence, activities, and cost; and that their work be exclusively advisory in nature." *Public Citizen,* 491 U.S. at 446, 109 S.Ct. 2558; (citing 5 U.S.C. § 2(b)).

An "advisory committee" is defined by FACA as "any committee, board, commission, council, conference, panel, task force, or other similar group" or subcommittee, which is *"established* or *utilized"* by the President, or by one or more agencies "in the interest of obtaining advice or recommendations for the President or one or more agencies or officers of the Federal Government," except a committee composed of wholly full-time, or permanent officers or employees of the Federal Government. 5 U.S.C. § 3 (emphasis added). FACA constrains the establishment of advisory committees in that such committees shall not be established unless specifically authorized by statute, by the President or

by an agency head through an established procedure. 5 U.S.C. § 9(a). FACA also imposes specific operational requirements on advisory committees such as: keeping detailed minutes of its meetings, § 10(c); requiring that those meetings be chaired or attended by an officer or employee of the Federal Government who is authorized to adjourn any meeting when such an adjournment is in the public interest, § 10(e); requiring the advisory committee to provide advance notice of meetings and that the meetings be open to the public, § 10(a); requiring that advisory committee minutes, records and reports be made available to the public, provided they do not fall within one of the Freedom of Information Act exceptions, and the Government does not choose to withhold them, § 10(b); and the advisory committees must be fairly balanced in terms of the points of view represented and the functions performed, §§ 5(b)(2),(c). *Public Citizen,* 491 U.S. at 446–47, 109 S.Ct. 2558.

*Discussion*

As stated earlier, Count VI of Plaintiff's Complaint alleges a violation of FACA. Plaintiff contends that Defendants established and utilized an advisory committee composed solely of national environmental organizations for the purpose of giving advice to Defendants on the various roadless initiatives in violation of FACA.

Both Defendants and Defendant–Intervenors argue that the actions between the national environmental groups and the various agents of the Federal Government were merely an exchange of advice and ideas—a form of lobbying that was never intended to be regulated by FACA. Defendants and Defendant–Intervenors alike argue that the environmental groups in question did not constitute a FACA committee as they were not "established" or "utilized" within the meaning of FACA, 5 U.S.C. § 3, as interpreted by the sole United States

Supreme Court decision on this issue, *Public Citizen v. United States Dep't of Justice*, 491 U.S. 440, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989). Namely, Defendants and Defendant–Intervenors argue that these environmental groups were not "established" by the Federal Government as these environmental groups were created or "established" well before the alleged committee was formed. Further, they argue that the environmental groups were not "utilized" by the Federal Government as the groups were not tied to a federal agency and were not amenable to management and control by agency officials.

Plaintiff contends that Supreme Court in *Public Citizen*, 491 U.S. 440, 109 S.Ct. 2558, did not write FACA out of existence by defining "established" or "utilized" as it did. Plaintiff claims that its pleadings sufficiently alleged that the Clinton Administration "established" the roadless advisory committee by taking the individual environmental groups and combining them to form one "roadless committee." Further, Plaintiff contends that it sufficiently alleged that the "roadless committee" was "utilized" by the Federal Government as it provided advice and recommendations regarding the roadless actions at issue, and was controlled by Defendants because the Defendants would not let states, who requested cooperating agency status, to participate.

In *Public Citizen v. United States Dep't of Justice*, 491 U.S. 440, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989), the plaintiff was seeking disclosure of the names of potential judicial nominees from the ABA Advisory Committee, which upon the request of the President, would review and make recommendations on the President's nominees for federal judicial vacancies. The ABA denied plaintiff's access to this information. The plaintiff subsequently filed suit claiming that the ABA Advisory Committee constituted an advisory committee established in violation of FACA.

The Court held that the ABA Advisory Committee was not a committee subject to FACA's limitations, and in doing so, the Court expanded on the terms of FACA:

There is no doubt that the Executive makes use of the ABA Committee, and thus "utilizes" it in one common sense of the term. As the District Court recognized, however, "reliance on the plain language of FACA alone is not entirely satisfactory". "Utilize" is a woolly verb, its contours left undefined by the statute itself. Read unqualifiedly, it would extend FACA's requirements to any group of two or more persons, or at least any formal organization, from which the President or an Executive agency seeks advice. We are convinced that Congress did not intend that result. A nodding acquaintance with FACA's purposes, as manifested by its legislative history and as recited in § 2 of the Act, reveals that it cannot have been Congress' intention, for example, to require the filing of a charter, the presence of a controlling federal official, and detailed minutes any time the President seeks the views of the National Association for the Advancement of Colored People (NAACP) before nominating Commissioners to the Equal Employment Opportunity Commission, or asks the leaders of an American Legion Post he is visiting for the organization's opinion on some aspect of military policy. Nor can Congress have meant—as a straightforward reading of "utilize" would appear to require—that all of FACA's restrictions apply if a President consults with his own political party before picking his Cabinet.... FACA was enacted to cure specific ills, above all the wasteful expenditure of public funds for worthless committee meetings and biased proposals; although its reach is extensive, we

cannot believe that it was intended to cover every formal and informal consultation between the President or an Executive agency and a group rendering advice.

*Public Citizen,* 491 U.S. at 452–453, 109 S.Ct. 2558. "In addition, the Court indicated that an advisory panel is 'established' by an agency only if it is actually formed by the agency, and 'utilized' by an agency only if it is amenable to ... strict management by agency officials." *Byrd v. U.S. EPA,* 174 F.3d 239, 245 (D.C.Cir. 1999) (quoting *Public Citizen,* 491 U.S. at 452, 456–58, 109 S.Ct. 2558).

Upon review of the above cases, Defendants and Defendant–Intervenors are correct in stating that term "established" under FACA indicates that the advisory group must be formed or created by the Government, with the term "utilized" meaning a group that is so closely tied to an agency as to be amenable to strict management by agency officials. *Public Citizen,* 491 U.S. at 452–53, 456–58, 109 S.Ct. 2558. They are also correct in noting that FACA itself is not intended to cover all groups that the President or Agency seeks advice from. *Id.* However, these standards and definitions do not prevent Plaintiff's FACA claim from proceeding at this stage of the litigation.

■ Taking Plaintiff's allegations as true and construing them in a light most favorable to the Plaintiff, the Court finds that the Plaintiff has sufficiently alleged a FACA violation for purposes of surviving a Rule 12(c) motion. Plaintiff alleged in its Complaint that Defendants "established" a "roadless committee" representing only the national environmental organizations by bringing the individual environmental groups together to form one united group for purposes of advising the Federal Government on the roadless initiative. Plaintiff further alleged that Defendants "utilized" the committee

as they received advice and recommendations from the committee and that Defendants controlled the "roadless committee" by not allowing cooperating agency status to states which requested such participation.

In the present action, the Court has found that Plaintiff has sufficiently alleged a FACA violation to survive a Rule 12(c) motion. The Court also finds that without discovery on the FACA issue, the Court will be unable to rule as to whether a FACA violation has occurred. The Supreme Court's interpretation of FACA in *Public Citizen* was not meant to forever prevent the inquiry into whether a group was or was not a committee falling within the guise of FACA. If *Public Citizen* were interpreted in such a manner, FACA would become meaningless in close cases such as this where discovery beyond the pleadings and eventually beyond the administrative record is needed to determine the extent and degree of involvement between the Federal Government and the national environmental groups and eventually determine the veracity of Plaintiff's sufficiently plead allegations. To hold otherwise would unduly shift the burden on the Plaintiff to prove its entire FACA claim at the Rule 12(c) stage and would unfairly shield committees that have been established or operated in violation of FACA, when uncovering such a violation occurs only after discovery has taken place and a critical examination of that evidence has been completed.

Accordingly, in the present action Plaintiff has presented sufficient factual allegations that Defendants "established" a "roadless committee", as well as "utilized" this committee within the meaning of FACA. Furthermore, as *Public Citizen* did not prevent all inquiries into whether a FACA violation has occurred, discovery on this issue must proceed to determine

**1158**

whether or not a FACA committee was created, and if so, whether a FACA violation occurred. However, it must be noted that by determining that Count VI of Plaintiff's Complaint survives the Rule 12(c) Motions for Partial Judgment on the Pleadings, the Court is not speculating on the potential outcome of this issue once discovery is closed. The current ruling of this Court is merely that Plaintiff has sufficiently alleged a FACA violation against Defendants to survive a Rule 12(c) motion and that discovery must go forward on this issue, thereby allowing the Court to determine whether a FACA advisory committee was in fact created and whether a FACA violation occurred.

### CONCLUSION

The Court notes that the roadless initiatives at issue in the present case may serve a noble and necessary purpose, a purpose with which the Court generally subscribes. However, a noble and necessary purpose cannot prevent the inquiry into the manner in which these initiatives were created.

For the aforementioned reasons, as well as the reasons stated from the bench at the April 16, 2002 hearing in this matter, and as enumerated on the record of that hearing, the Court **FINDS** that Count VI of Plaintiff's Complaint has sufficiently alleged a FACA violation so as to survive a Rule 12(c) Motion for Partial Judgment on the Pleadings. The Court also **FINDS** that in order to properly determine Plaintiff's FACA claim, discovery on this issue must proceed. Accordingly, the Court **ORDERS** that Defendants' and Defendant–Intervenors' Motions For Partial Judgment on the Pleadings are **DENIED.**